# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Scott Zink,
    Petitioner


vs                                      Case No. 1:07cv236
                                          (Beckwith, C.J.; Black, M.J.)


Court of Common Pleas of
Hamilton County, Ohio, &
Hamilton County Sheriff Simon Leis
    Respondents


## ORDER

      Petitioner, who currently is in the custody of the Hamilton County Sheriff's Department, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the assistance of counsel.

      Petitioner asserts as the sole ground for relief that his constitutional rights under the Fifth Amendment's Double Jeopardy Clause are being violated while he remains in jail pending a second criminal trial after his first trial ended in a mistrial caused by the prosecutor's misconduct. Specifically, petitioner alleges that the State filed a bill of particulars informing him that the charged crime occurred on July 21, 2006 at 3:50 a.m. and that he responded by filing a notice of alibi and by preparing an alibi defense. After the State presented its case-in-chief and as petitioner's "first alibi witness was approaching the witness stand," the prosecutor moved to amend the bill of particulars to change the time of the alleged crime, which was granted by the trial court. Petitioner asserts that this conduct on the prosecutor's part forced him to request and obtain a mistrial, and indeed that the

prosecutor "acknowledged that he caused the mistrial and that he would be calling [petitioner's] alibi witnesses, at the retrial, in the State's case in chief, in order to demonstrate that [petitioner] had no alibi for the new time the State wishes to use in the Bill of Particulars."

Petitioner concedes that he is seeking federal habeas corpus relief in this case prior to a conviction in the state trial court.  However, the Sixth Circuit has recognized that  if a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge . . . must be reviewable before the subsequent exposure occurs." *Harpster v. Ohio,* 128 F.3d 322, 325 (6th Cir. 1997) (quoting *Abney v. United States,* 431 U.S. 651, 662 (1977) (emphasis in original)), *cert. denied,* 522 U.S. 1112 (1998).

In addition, the federal adjudication of double jeopardy claims raised in pretrial petitions for habeas corpus relief is "appropriate when those claims have been raised and rejected in the state trial court and under state law there is no right to interlocutory appeal." *Id.* at 325-26 (citing *Gully v. Kunzman,* 592 F.2d 283, 287 (6th Cir.), *cert. denied,* 442 U.S. 924 (1979)).  Here, petitioner has submitted evidence indicating that he filed a motion to dismiss the indictment on double jeopardy grounds, which was denied by the trial court on March 6, 2007.  (Exs. F-G).  Because the order denying the motion to dismiss is not a final appealable order in Ohio, *see id.* at 326, it appears that federal intervention is appropriate at this time.

Petitioner alleges that the case is currently scheduled for retrial on April 24, 2007.  Petitioner has not indicated whether or not he has filed a motion for stay of the criminal proceedings in the state courts; nor has he filed a motion with this Court to stay the state court proceedings pending the resolution of his double jeopardy claim.[1]

Accordingly, due to the short time constraints in this case, it is **ORDERED** that respondent shall file a return of writ within fifteen (15) days of the date of filing of this Order responding to the allegations of the petition.  Respondent should attach as exhibits to the return of writ (1) any relevant portions of the transcript of the state criminal trial proceeding in which the mistrial was declared, as well as any other proceedings held on petitioner's subsequent motion to dismiss or any other motion relating to his double jeopardy claim; and (2) copies of all

---

[1]It is noted that in the interest of comity, if petitioner decides to pursue such a motion, he should first seek a stay in the state courts.  However, the federal habeas court does have the authority to stay state court proceedings so that a petitioner's double jeopardy claim may be resolved *before* his second trial.  *See Harpster,* 128 F.3d at 325.

motions, briefs and any other pleadings or documents filed in the state courts which pertain to petitioner's claim.

It is **FURTHER ORDERED** that petitioner shall promptly advise the Court if he has filed any motion with the state courts to stay his retrial pending review of his double jeopardy claim, and if so, to provide the Court with any documents filed in the state courts pertaining to such a motion.

**IT IS SO ORDERED.**


Date: 3/27/07                                         **/s/Timothy S. Black**

   cbc                                                Timothy S. Black
                                                     United States Magistrate Judge

J:\HABEAS\Awaiting pdf filing\07-236 expedited show cause order.wpd